G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; F: (818) 205-2730
tom@plglawfirm.com

Attorneys for Plaintiff,
SCOTT TONNESEN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TONNESEN<br><br>Plaintiff,<br><br>vs.<br><br>LEGAL RECOVERY LAW OFFICES, INC.; and DOES 1 to 10, inclusive,<br><br>Defendants | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Credit Reporting Practices)<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Scott Tonnesen an individual consumer, against defendant Diversified Collection Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') and the Rosenthal Fair Debt Collection

Practices Act, Cal. Civ. Code §§ 1788 *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code §§ 1788.30, and 28 U.S.C. § 1331 and § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Scott Tonnesen is a consumer, a natural person allegedly obligated to pay any debt, residing in Solano County, in the state of California.

4. Defendant, Legal Recovery Law Offices, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located in San Diego County at 5030 Camino de la Siesta, Suite 340, San Diego, California 92108. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Cal. Civ. Code § 1788.2.

## FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff prior to May of 2012.

9. Upon information and belief, within one year of the filing of this complaint, Defendant threatened to sue Plaintiff itself within three days if he did not get back to it in regards to a settlement; Defendant did not end up suing Plaintiff.

10. Upon information and belief, within one year of the filing of this complaint, Defendant called Plaintiff called Plaintiff derogatory name(s).

11. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff and deceptively used its Caller ID, making it

seem as though it was calling Plaintiff from an area code in which it does not have an office.

12. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in Plaintiff feeling stressed, amongst other negative emotions.

## **COUNT I – FIRST CLAIM FOR RELIEF**

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

    (c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(e) Defendant violated *§1692d(2)* of the FDCPA by using language the natural consequence of which was to abuse the hearer or reader.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Scott Tonnesen for actual damages, statutory damages, and costs and attorney fees.

## COUNT II – SECOND CLAIM FOR RELIEF

16. Plaintiff Scott Tonnesen repeats and realleges and incorporates by reference the foregoing paragraphs.

17. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to the following:

　　i) Cal. Civ. Code §1788.11(a);

　　ii) Cal. Civ. Code §1788.11(b);

　　iii) Cal. Civ. Code §1788.13(j);

　　iv) Cal. Civ. Code §1788.13(i);

　　v) Cal. Civ. Code §1788.17

18. Cal. Civ. Code §§ 1788.11(a) and (b) state in pertinent part that:

**No debt collector shall attempt to collect a consumer debt by means of the following practices :**

**(a) Using obscene or profane language in a conversation with Plaintiff**

**...**

**(b) Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents;**

19. Cal. Civ. Code §§ 1788.13(j) and (i) state in pertinent part that:

**No debt collector shall attempt to collect a consumer debt by means of the following practices :**

**(j) Falsely representing the true nature of the business or services being rendered by Defendant;**

**...**

**(i) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code § 1788.13(j));**

20. Cal. Civ. Code § 1788.17 states in pertinent part that:

**Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.**

21. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the foregoing violations of the RFDCPA, Defendant is liable to the plaintiff Scott Tonnesen for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff Scott Tonnesen respectfully requests that judgment be entered against defendant Legal Recovery Law Offices, Inc. for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Statutory damages pursuant to Cal. Civ. Code § 1788.30.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30.

E. For such other and further relief as the Court may deem just and proper.

//

//

//

//

//

COMPLAINT

DATED: August 31, 2012                PRICE LAW GROUP APC

By: _____

G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SCOTT TONNESEN, demands trial by jury in this action.