UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TONNESEN,<br><br>        Plaintiff,<br><br>   v.<br><br>LEGAL RECOVERY LAW OFFICES, INC., et al.,<br><br>        Defendants. | No.  2:12-CV-02255-JAM-CKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Presently before the Court is Defendant Legal Recovery Law Offices' ("Defendant") Motion to Dismiss Under Rule 12(b)(6) (Doc. #7).  Plaintiff Scott Tonnesen ("Plaintiff") opposes the motion (Doc. #8).[1]

## I.  BACKGROUND

This lawsuit concerns alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and the California's Rosenthal Fair Debt Collection Practices Act

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for November 7, 2012.

1

(the "Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.33. Plaintiff generally alleges that Defendant violated both acts by calling him derogatory names, deceptively using a caller identification service, and failing to follow through on threats to file suit against Plaintiff.

This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and the related state law claims pursuant to 28 U.S.C. 1367.

## II.  OPINION

### A.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

1     Upon granting a motion to dismiss for failure to state a
2 claim, the court has discretion to allow leave to amend the
3 complaint pursuant to Federal Rule of Civil Procedure 15(a).
4 "Dismissal with prejudice and without leave to amend is not
5 appropriate unless it is clear . . . that the complaint could
6 not be saved by amendment." <u>Eminence Capital, L.L.C. v. Aspeon,</u>
7 <u>Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).
8     B.   <u>Discussion</u>
9         1.   <u>Failure to State Plausible Claim</u>
10    Defendant argues that Plaintiff's complaint is deficient
11 because it fails to state a claim that is supported by enough
12 facts to be plausible on its face.  Plaintiff responds that the
13 facts pled in the complaint are more than sufficient to place
14 Defendant on notice of the claims against it, and the
15 sufficiency of the allegations is evidenced by Defendant's
16 ability to respond, in part, to the allegations for purposes of
17 the present motion.
18     Plaintiff's complaint is, as Defendant argues, primarily a
19 recitation of the statutory text of the FDCPA and the Rosenthal
20 Act.  Where the allegations are not copied directly from the
21 statutory text, they contain little if any detail specific to
22 Plaintiff's claims.  Paragraph 6, for instance, alleges upon
23 information and belief that "Defendant placed calls to Plaintiff
24 seeking and demanding payment for an alleged consumer debt owed
25 under an account number."  There is no indication as to the
26 nature of the debt, whether or not the debt is valid, the
27 alleged origination or the debt, or the original holder of the
28 debt.  This kind of background information is important because

1 both the FDCPA and the Rosenthal Act contain enumerated
2 exceptions and apply only to certain entities depending on their
3 relation to the origination of the debt.  Additionally, this
4 statement is essentially "a legal conclusion couched as a
5 factual allegation," which the Court is not required to accept
6 as true for purposes of the present motion.  Twombly, 550 U.S.
7 at 555.  The next paragraph, which ostensibly contains details
8 about the debt, is simply copied from 15 U.S.C. § 1692a(5), and
9 it does little to help Plaintiff's claims meet federal pleading
10 requirements.
11      The rest of Plaintiff's complaint proceeds in the same
12 manner.  Most of the subsequent allegations are similarly
13 lacking supporting facts.  Paragraph 9, for example, states,
14 ". . . Defendant threatened to sue Plaintiff itself within three
15 days if he did not get back to it in regards to settlement;
16 Defendant did not end up suing Plaintiff."  This allegation is
17 intended to state a claim under 15 U.S.C. § 1692e(5), which
18 makes it unlawful for a debt collector to threaten any action
19 that it does not intend to take.  This allegation does not give
20 rise to a plausible inference that Defendant did not intend to
21 sue Plaintiff if he did not respond within three days because
22 there are simply not enough accompanying facts to give rise to a
23 plausible inference that Defendant behaved in an unlawful
24 manner.  Similarly, Plaintiff alleges that Defendant called
25 Plaintiff derogatory names, an allegation likely intended to
26 state a claim under the FDCPA section prohibiting abusive
27 language, 15 U.S.C. § 1692d.  Plaintiff does not actually
28 indicate the nature of the derogatory names, so it is impossible

4

to determine whether or not the alleged name-calling satisfies § 1692d.  Finally, Plaintiff alleges that Defendant used a caller identification service to mislead Plaintiff.  This allegation is similarly not accompanied by supporting facts.

Upon a careful review of the complaint, it is apparent that the allegations in the complaint do not meet the pleading standards announced in <u>Twombly</u> and <u>Iqbal</u>.  Plaintiff's argument that Defendant is likely on notice as to the nature of the claim has some merit, but that is not all that is required under the current federal pleading standard.  Likewise, if the complaint suffered from only one of the deficiencies identified by Defendant, it would probably survive a 12(b)(6) motion.  When the deficiencies are considered in aggregate, however, it is clear that the entire complaint amounts to a collection of barebones and conclusory allegations that do not meet the applicable pleading standards.  Contrary to Plaintiff's argument, after <u>Twombly</u> and <u>Iqbal</u> district courts cannot presume that allegations place a defendant on notice unless they are accompanied by "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.  In other words, <u>Twombly</u> requires enough detail in federal complaints such that claims are able to stand alone and show entitlement to relief by their own terms.  The allegations in Plaintiff's complaint do not meet this basic requirement and for this reason the motion to dismiss is granted with respect to both the FDCPA and Rosenthal Act claims.

2. <u>Applicability of Rosenthal Act Claims to Law Firms</u>

Defendant alternately argues that the Rosenthal Act claims

5

should be dismissed because it is a law firm and the Rosenthal Act does not apply to law firms.  Defendant responds that discovery may reveal that Defendant is not a law firm.

The Rosenthal Act exempts lawyers from liability. Defendant cites Carney v. Rotkin, Schmerin & McIntyre, 206 Cal.App.3d 1513, 1526 (1988), for the proposition that the exemption extends to law firms.  The weight of authority on this question, however, holds that individual lawyers are exempt from liability, but law firms are not.  Bautista v. Hunt & Henriques, No. C-11-4010 JCS, 2012 WL 160252, at *8, Slip Copy (N.D. Cal. Jan. 17, 2012) (holding that law firms can be debt collectors under the Rosenthal Act and collecting supporting authority holding the same).  Accordingly, the Court declines to dismiss the Rosenthal Act claims because Defendant's status as a law firm is not dispositive.

### III. ORDER

Defendant's Motion to Dismiss is GRANTED because Plaintiff fails to state a claim.  Plaintiff is given leave to file an amended complaint that conforms to this order within 20 days. Defendant has 20 days from the date any amended complaint is filed to respond.  If Plaintiff does not intend to file an amended complaint, he should file a notice of dismissal within 20 days.

IT IS SO ORDERED.

Dated: November 26, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE